Michael Millen
Attorney at Law  (#151731)
119 Calle Marguerita  Ste. 100
Los Gatos, CA  95032
Telephone:  (408) 871-2777
mikemillen@aol.com

Catherine Short, Esq. (#117442)
Life Legal Defense Foundation
PO Box 1313
Ojai, CA 93024-1313
(707) 337-6880
kshort@lldf.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON BLYTHE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>    Defendant. | NO.: **'24CV2211 JLS  SBC**<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATION AND INJUNCTIVE AND DECLARATORY RELIEF;**<br><br>**1.  42 U.S.C. § 1983** |

Plaintiff alleges as follows:

1. This is a civil action for declaratory and injunctive relief for violation of the Constitution and laws of the United States.  Plaintiff seeks to enforce his right to engage in free speech in the traditional public forum of the public streets and sidewalks.

2. This lawsuit challenges enforcement of City of San Diego Municipal Code §52.1003(c), passed by the City of San Diego, California, and which, as written, interpreted,  and enforced by Defendants, prohibits constitutionally protected speech and assembly on public streets and sidewalks.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988.  Venue properly lies in the Southern District of California pursuant to 28 U.S.C. §1391(b) in that defendants have their principal place of business in that district. Each and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the statutes, Ordinance, regulations, customs and usages of the City of San Diego.

## THE PARTIES

4. Plaintiff Don Blythe is a natural person.  Motivated by his moral, religious, and political beliefs, Plaintiff regularly engages in pro-life, anti-abortion speech activities in California.  These speech activities include hand-to-hand leafleting, education about abortion, and holding signs with a pro-life, anti-abortion message.  All of these activities occur on public sidewalks or other public fora, where he can convey his message to the public.   In particular, Plaintiff Blythe often seeks to display and distribute written information and engage in thoughtful discussions with college and high school students. He engages in this free speech activity dozens of times each year, primarily in California.

5. Defendant City of San Diego ("City") is a municipal corporation organized under the laws and Constitution of the State of California, and is a corporate entity capable of suing and being sued. Defendant City maintain and operates the San Diego Police Department which, in the first instance, is responsible for the enforcement of the challenged ordinance and the arrest of any person alleged to have violated it.

## OPERATIVE FACTS

6. On June 11, 2024, the City of San Diego adopted Ordinance No. O-21822 N.S amending Chapter 5, Article 2, Division 10 of the San Diego Municipal Code (§52.1001-§52.1006). One provision of this enactment is §52.1003(c) (herein "the Ordinance").

7. The Ordinance greatly restricts a speaker from engaging in the activity of leafleting, handbilling, displaying a sign, protesting, educating, and counseling in the public right of way or sidewalk if the person speaking is attempting to communicate with a member

of the public who is seeking to enter or exit a health care facility, place of worship, or school ground.

8. In particular, the Ordinance creates a restricted zone around the categorized institutions which is 100' in radius from the institution's main entrance door or main entrance gate. Inside this restricted zone, a speaker is prohibited from approaching without consent within eight feet of any person entering or exiting the institution in order to engage in the free speech activities noted above.

9. Section 52.1003("Establishment of Buffer Zone at Entrances and Exits to Health Care Facilities, Places of Worship, and School Grounds") states as follows:

> (c) Consent Required. Within a radius of 100 feet of a health care facility, place of worship, or school grounds, unless the person or motor vehicle occupant consents, no person shall:
>
>   (1) knowingly and willfully approach within eight feet of a person in the public right-of-way or sidewalk area who is seeking to enter or exit a health care facility, place of worship, or school grounds, to:
>     (i) pass a leaflet or handbill to that person;
>     (ii) display a sign to that person; or
>     (iii) engage in oral protest, education, or counseling.
>
>   (2) knowingly and willfully approach within eight feet of an occupant of a motor vehicle seeking to enter or exit a parking lot, to:
>     (i) pass a leaflet or handbill to the motor vehicle occupant;
>     (ii) display a sign to the motor vehicle occupant; or
>     (iii) engage in oral protest, education, or counseling.

10. Plaintiff Blythe intends to engage in free speech activities in the vicinity of high schools in the city of San Diego. In particular, Plaintiff intends to join with others to hold signs, distribute literature, and have conversations with students leaving high school grounds at school dismissal time.

11. For example, Plaintiff, along with others, intends to stand outside Patrick Henry High School, 6702 Wandermere Drive, San Diego. Plaintiff and his associates intend to station themselves on the public right of way at the school exits and, without obstructing passage, approach within 8 feet of students as they leave school grounds and walk onto the public sidewalk. Those exits include two along Wandermere Drive and a third on Park Ridge

Road. In engaging in this activity, Plaintiff will likely take some steps toward students and/or extend an arm to pass a leaflet to students when they are within 8 feet.

12. The Ordinance prohibits Plaintiff from engaging in this activity unless he has first gained the consent of each student whom he is approaching and to whom he is offering leaflets. Obtaining consent is an unrealistic requirement for distributing literature to multiple people arriving in waves and leaves Plaintiff unable to engage in the critical literature distribution aspect of his free speech activity. Plaintiff is concerned that, if he fails to abide by the Ordinance, he will be arrested for engaging in this free speech activity while outside high schools in the city of San Diego.

## FIRST CAUSE OF ACTION

## (VIOLATION OF 42 U.S.C. § 1983)

12. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

13. The law passed by defendant deprives Plaintiff of his free speech rights under the First and Fourteenth Amendments of the Constitution of the United States.

14. The Ordinance is an unconstitutional abridgment on its face, and as applied or threatened to be applied, of the Plaintiff's affirmative right to freedom of speech under the United States Constitution, Amendments I and XIV.

15. The Ordinance on its face and as applied or threatened to be applied, is an unconstitutionally overbroad restriction on expressive activity.

16. The Ordinance on its face and as applied or threatened to be applied, is an unconstitutional content-based restriction on expressive activity.

17. The Ordinance on its face and as applied or threatened to be applied, is an unconstitutionally vague restriction on expressive activity.

18. The Ordinance on its face and as applied or threatened to be applied, does not serve a significant governmental interest.

19. The Ordinance on its face and as applied or threatened to be applied, does not leave open ample alternative channels of communication.

20. The Ordinance on its face and as applied or threatened to be applied, is not the least restrictive means to accomplish any permissible governmental purpose sought to be served by the legislation.

21.  The Ordinance violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and similar guarantees in the California State Constitution by denying Plaintiff's free speech rights allowed to others in similar situations.

WHEREFORE, Plaintiff prays that this Court:

(a)  Enter judgment against the Defendant;

(b)  Enter a declaratory judgment declaring the Ordinance passed by of the Defendant to be a violation of Plaintiff's constitutional rights to freedom of speech;

(c)  Issue a declaratory judgment declaring that City of San Diego Municipal Code §52.1003(c) is unconstitutional on its face;

(d)  Issue a declaratory judgment declaring that City of San Diego Municipal Code §52.1003(c) is unconstitutional as enforced and as applied to Plaintiff's activity;

(e)  Issue a temporary restraining order, and a preliminary and permanent injunction enjoining defendant, its agents, servants, employees, officers and the San Diego Police Department from enforcing City of San Diego Municipal Code §52.1003(c) with reference to Plaintiff and all others seeking to engage in constitutionally protected speech in or around educational institutions;

(f) Award Plaintiff damages;

(g)  Award Plaintiff costs, reasonable attorneys' fees, and interest for this action pursuant to 42 U.S.C. §1988; and,

(g) Order such other and further relief as the Court deems just and proper under the circumstances.

Dated: 11/25/2024

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial in this action.

Dated: 11/25/2024

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF